# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Wallace D. Rumph, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-62 (MTT) |
| DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Appoint Counsel (Doc. 3) (the "Motion"). The Plaintiff claims inmates were exposed to asbestos while he was incarcerated at River State Prison, and requests that the Court appoint counsel to represent him in this action.

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Plaintiff asserts that he should be appointed counsel because he does not have access to a law library due to his confinement at the Peach County Law Enforcement Center. Even assuming the Plaintiff's claim for exposure to asbestos at River State Prison has merit, appointment of counsel is unwarranted because the claim is neither factually nor legally complex. *See Wahl*, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Motion is **DENIED**.

However, this Court's order denying the appointment of counsel does not "'close the matter for all time.'" *See Holt*, 862 F.2d at 852 (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 278 (1988)). Rather, "the denial of appointed counsel usually indicates 'nothing more than that the [Court] is not completely confident of the propriety of court appointed counsel at that time.'" *Holt*, 862 F.2d at 852 (quoting *Gulfstream Aerospace Corp.*, 485 U.S. at 278). Thus, "[i]f a case, as it develops, reveals itself to be legally or factually more complex than the complaint had indicated, [the Court may] reconsider a previous decision to deny appointed counsel." *Holt*, 862 F.2d at 852.

"In sum, an order denying appointed counsel is one that 'a district court ordinarily would expect to reassess and revise ... in response to events occurring in the ordinary course of litigation.'" *Id.* (quoting *Gulfstream Aerospace Corp.*, 485 U.S. at 277). Therefore, while the Court has found that, at this time, the appointment of counsel is not

appropriate, it will continue to monitor the case and will reconsider its denial of appointed counsel when and if the need arises.

**SO ORDERED**, this the 7th day of April, 2011.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT